## L. S. Lacey, Appellee, v. A. H. Lacey and E. P. Lacey, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. *Certiorari* denied by the Supreme Court (making opinion final).

### Statement of the Case.

Bill by L. S. Lacey, complainant, against A. H. Lacey and E. P. Lacey, defendants, adjoining property owners on the south and west respectively of complainant, to enjoin defendants from trespassing on his lands or from diverting water from their premises upon his land, and cross-bill seeking affirmative relief.

From a decree granting the prayer of complainant's bill and dismissing the cross-bill, defendants appeal.

Noleman & Smith, for appellants.

Kagy & Vandervort, for appellee.

Mr. Justice McBride delivered the opinion of the court.

## Abstract of the Decision.

1. Waters and water courses, § 8*—*when right to have surface water flow over land of another exists.* Where lands of one property owner are servient to those of another, such latter property owner is entitled to have the surface waters naturally coming from his lands flow over and across the lands of the other.

2. Waters and water courses, § 29*—*when evidence sufficient to show construction of private ditch for exclusive use of property owner.* On a bill by a property owner to enjoin two adjoining property owners on the south and west of complainant's land from trespassing on his lands or from diverting water from their premises upon his land by means of ditches, evidence *held* sufficient to sustain a finding that a ditch constructed by complainant's predecessor in title along the west side of his land was solely for his own interest.

3. Waters and water courses, § 12*—*when owner of land not required to keep open private ditch for convenience of adjoining property owners.* Where an immediate predecessor in title constructed a private ditch on his own land for the drainage of surface waters flowing from the lands of adjoining property owners, the owner cannot be compelled to keep such ditch open for the benefit of such adjoining property owners.

4. Waters and water courses, § 19*—*when easement by prescription to carry surface water through private ditch not acquirable.* Property owners, merely because of the fact that surface water flowing from their premises, as it was accustomed to flow in a state of nature, after it reached adjoining premises, was collected by a private ditch intended solely for the benefit of the owner, and was carried over such owner's land, cannot acquire an easement by prescription to have the surface water from their land continue to drain through such ditch.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. WATERS AND WATER COURSES, § 29—*when evidence sufficient to show natural flow of water from land of property owners over adjoining land.* On a bill by a property owner to enjoin two adjoining property owners on the west and south of complainant from trespassing on his land or from diverting water from their premises on his land, by means of ditches evidence *held* sufficient to sustain a finding that the natural flow of the water from the land of defendants was from the south over and across complainant's land.

6. WATERS AND WATER COURSES, § 11*—*when adjoining property owner may not discharge surface water in ditches and drains on servient estate.* The fact that at the time of the purchase of land by a property owner, which was adjoined on the west and south by two separate tracts of land, there was a ditch south of and along an east and west road on his land, which connected with a north and south private ditch on his land and conveyed the surface water coming from such adjoining property owner's land north, does not authorize the adjoining property owners to construct ditches and drains on their own lands so as to discharge such surface water in a body at any particular point on such owner's land and thus interfere with the natural flow of the surface water.

7. WATERS AND WATER COURSES, § 11*—*how owner of servient heritage may convey surface water coming from dominant heritage.* The owner of a servient heritage may construct ditches and drains in any manner he chooses on his own land to convey surface water coming from a dominant heritage, provided that in discharging it from his own land he does not interfere with the natural flow thereof.

8. WATERS AND WATER COURSES, § 15*—*when owner of servient heritage may construct embankments.* The owner of a servient heritage has the right to construct an embankment upon his own land provided it does not obstruct the natural flow of water from the dominant heritage and operate to the damage of the owner of the latter.

9. WATERS AND WATER COURSES, § 11*—*when owner of dominant estate has no right to discharge surface water through ditches upon servient estate.* The owner of a dominant estate who sells a right of way to another across such estate and allows him to grade the road above the natural surface of the land so as to interfere with the natural flow of the surface water, and to construct a ditch along such road to convey the surface water to a certain point and thence over the servient estate, does not acquire the right to discharge the surface water in a body through such ditch upon the servient estate.

10. WATERS AND WATER COURSES, § 15*—*when owner of servient*

FOURTH DISTRICT—APRIL, 1916.        211

*estate may construct embankments and barriers to prevent discharge of surface water on his land.* Where surface water does not naturally flow from the dominant estate upon the servient estate at a particular point but is conveyed by means of ditches to such point, the owner of the dominant estate has the right to erect such embankments and barriers as will effectually prevent the discharge of the surface water upon his land at such point.

11. WATERS AND WATER COURSES, § 19*—*when easement by prescription to discharge surface waters not acquired.* An easement by prescription to discharge surface water through a ditch conveying water from the dominant estate upon the servient estate in a manner interfering with the natural flow of the surface water is not acquired by continuous use thereof for six years.

12. WATERS AND WATER COURSES, § 29*—*when evidence sufficient to show that water would be naturally discharged on dominant estate after construction of ditch.* On a bill by the owner of a servient estate to enjoin the owners of two dominant estates from trespassing on his land and interfering with the natural flow of water, evidence *held* sufficient to show that the natural flow of the surface water after the construction of a ditch on one of the dominant estates was over the other dominant estate.